**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 25-22828-JAD |
| | ) | Chapter 7 |
| **ADRIENNE LYNN HONAKER,** | ) | |
| Debtor. | ) | |
| ______________________________ | ) | |
| | ) | |
| **ADRIENNE LYNN HONAKER,** | ) | Adv. Proc. No. __________ |
| Plaintiff, | ) | |
| vs. | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **EDUCATION,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**
**TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

The Plaintiff, ADRIENNE LYNN HONAKER (hereinafter referred to as "Plaintiff" or "Debtor"), by and through the undersigned counsel, files this Complaint to Determine the Dischargeability of Plaintiff's Student Loans from Defendant UNITED STATES DEPARTMENT OF EDUCATION (hereinafter referred to as "Creditor" or "Defendant") and in support thereof states:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. This adversary proceeding is brought under 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(f), which provides for an adversary proceeding to determine the dischargeability of a debt.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises in and relates to the above-captioned bankruptcy case pending in this District.

5. The relief sought is authorized by 11 U.S.C. § 523(a)(8) and is properly brought by adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(f).

6. Plaintiff consents to the entry of final orders and judgment by the United States Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 7008.

## PARTIES

7. Plaintiff, ADRIENNE LYNN HONAKER, is an individual residing at 745 Pine Valley Drive, Pittsburgh, Pennsylvania 15239, in Allegheny County. The federal educational loans that are the subject of this Complaint are referred to herein as the "Student Loans."

8. Defendant, UNITED STATES DEPARTMENT OF EDUCATION, is an agency of the United States and the holder of the federal Student Loans that Plaintiff seeks to discharge. Its mailing address is United States Department of Education, Office of General Counsel, 400 Maryland Avenue, S.W., Washington, D.C. 20202.

## STATEMENT OF FACTS

9. On October 21, 2025, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, commencing the above-captioned case, Case No. 25-22828-JAD, in the United States Bankruptcy Court for the Western District of Pennsylvania (Dkt. No. 1).

10. Plaintiff's Chapter 7 case was administered as a no-asset case. The Chapter 7 Trustee, Rosemary C. Crawford, reported that no property appeared to be available to pay creditors, and the deadline to object to discharge under 11 U.S.C. § 727 was set for January 16, 2026. On January 21, 2026, Plaintiff received a discharge under 11 U.S.C. § 727 (Dkt. No. 19).

The Court entered its Final Decree on February 6, 2026 (Dkt. No. 21), and the case was closed the same day (Dkt. No. 22). On August 4, 2026, Plaintiff moved to reopen the case (Dkt. No. 23). On September 9, 2026, the Court entered an order reopening the case and directing Plaintiff to file an adversary complaint within sixty days (Dkt. No. 28).

11. The federal Student Loans are held by Defendant and serviced by MOHELA. According to the servicer's payoff statement dated March 18, 2026, the total outstanding balance of Plaintiff's federal student loans is $190,081.77, consisting of $178,821.93 in unpaid principal and $11,259.84 in accrued interest. The specific loans Plaintiff seeks to discharge in this proceeding are the two Direct Consolidation Loans disbursed September 27, 2023 (Loans 1-01 and 1-02), which have a combined unpaid principal balance of $175,316.93 and accrued interest of $11,222.48, for a total of $186,539.41 as of March 18, 2026. A loan-by-loan summary is attached as **Exhibit A.** Each of the Student Loans is a loan made by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8)(A)(i). Exhibit A also shows a Direct Unsubsidized Loan disbursed January 28, 2026 (Loan 1-03, $3,505.00 in principal). That loan was incurred after the petition date and is not a subject of this Complaint. The Student Loans were not listed on Plaintiff's schedules in this case.

12. The Student Loans consist of federal loans originally incurred beginning in or about 2000 in connection with Plaintiff's postsecondary and graduate education, including Federal Family Education Loan (FFEL) Program Stafford loans and Direct Stafford loans, which were subsequently consolidated, on or about September 27, 2023, into the two Direct Consolidation Loans (subsidized and unsubsidized) held by Defendant and serviced by MOHELA that are the subject of this Complaint.

13. Plaintiff's education history is as follows: (a) Plaintiff attended Clarion University of Pennsylvania in pursuit of a Bachelor's degree in Criminal Justice but withdrew in or about May 2002 without completing that program; (b) Plaintiff earned a Bachelor's degree in Criminal Justice from Point Park University in or about May 2010; (c) Plaintiff earned a Master's degree in Applied Criminology from Pennsylvania Western University in or about May 2013; (d) Plaintiff attended Utica University in pursuit of a Master's degree in Cyber Technology but withdrew in or about May 2015 without completing that program; (e) Plaintiff attended Walden University in pursuit of a Master's degree in Forensic Technology but withdrew in or about September 2017 without completing that program; and (f) Plaintiff enrolled at Point Park University in or about August 2022 in pursuit of a Doctoral degree in Educational Leadership and Administration, withdrew in or about August 2023, re-enrolled in or about September 2024, withdrew again in or about January 2025, re-enrolled in or about January 2026, and is currently enrolled in that program on a half-time basis.

14. Three of the six programs of study for which Plaintiff incurred Student Loans — at Clarion University, Utica University, and Walden University — were not completed. The Utica and Walden programs produced no credential and no increase in Plaintiff's earning capacity. Plaintiff later completed her Bachelor's degree in Criminal Justice at Point Park University. The sixth, the doctoral program described in paragraph 13(f), is in progress.

15. The Student Loans carry substantial required monthly payments that Plaintiff cannot afford. Amortized over ten years at the loans' 5.875% interest rate, the monthly payment on the Student Loans would be approximately $2,059.28. Under the servicer's current repayment schedule reflected in the March 18, 2026 payoff statement, the scheduled monthly payment, first

due December 13, 2026, is $1,079.45. Plaintiff cannot pay either amount while maintaining a minimal standard of living for herself and her children.

16. Plaintiff's payment history on the Student Loans is reflected in the records of Defendant and its servicer. Plaintiff has been financially unable to make the required payments while meeting her household's basic needs.

17. Over the life of the Student Loans, Plaintiff received forbearances or deferments recorded as 127 entries across her individual loans and contacted her loan servicer or the Department of Education regarding repayment, forbearance, deferment, or consolidation options on at least eighteen (18) occasions. None of these administrative measures resulted in a repayment obligation that Plaintiff could sustain.

18. Plaintiff is 44 years old. She is a single mother and the primary support of her household, which consists of Plaintiff and her twin daughters, both age 8. Both children have special needs that require additional supervision, reliable childcare, and regular medical and therapy appointments.

19. Plaintiff's medical records reflect hypertension since 2013 and type 2 diabetes since 2016, both chronic conditions requiring ongoing treatment, medication, and monitoring. She currently takes three medications for blood pressure and two for diabetes. Plaintiff does not receive governmental disability benefits.

20. Plaintiff is employed by UPMC as a Crisis Clinician Supervisor at Resolve Crisis Services in Pittsburgh, Pennsylvania, where she has worked for approximately five years. Plaintiff's current gross monthly household income from all sources is approximately $6,140.93, consisting of gross wages of $5,907.93 and approximately $233.00 per month, representing

Plaintiff's one-half share of a monthly subsidy received for the children's care, which she shares equally with the children's other parent.

21. Plaintiff earned approximately $82,456.00 in 2023 and approximately $77,767.00 in 2024. Her current gross monthly wages of $5,907.93 equal approximately $70,895.00 per year. Any anticipated salary increase is limited to approximately three percent (3%) and would not materially change Plaintiff's ability to pay the Student Loans.

22. Plaintiff's current reasonable and necessary monthly household expenses total approximately $7,380.73, which includes payroll deductions of $1,688.65 (taxes, Medicare, Social Security, insurance, and other payroll deductions), housing of $1,898.00, transportation of $1,028.00, childcare and other necessary expenses of $433.08, and living expenses of $2,333.00. Plaintiff's actual reported expenses total $6,640.73, with childcare stated at $334.08 per month, the amount documented on her 2025 federal income tax return. Because her actual spending in several National Standards categories is below the standard, those categories are stated at the IRS National Standards amounts for a household of three; housekeeping supplies are stated at her actual $300.00, which exceeds the standard. That brings the total to $7,380.73. A current monthly income-and-expense summary is attached as **Exhibit B**.

23. Even if every expense above the applicable IRS standard is disregarded (housekeeping supplies at $94.00 and vehicle operating costs at $330.00), and the payroll life insurance premium, the other payroll deductions, and home maintenance are excluded entirely, Plaintiff's allowable monthly expenses total at least $6,342.14, which exceeds her gross monthly income of $6,140.93 by $201.21 before any payment on the Student Loans. Allowing every expense claimed, with the National Standards categories at the full standard amount, the monthly shortfall is $1,239.80. Measured by her actual reported expenses of $6,640.73, it is $499.80.

Plaintiff cannot make the approximately $2,059.28 ten-year payment, or any meaningful payment, without falling further below a minimal standard of living for herself and her children.

24. At the time of filing, Plaintiff's scheduled assets were modest and consisted principally of a motor vehicle, ordinary household goods, used clothing, and de minimis bank balances, with total scheduled personal property of $8,638.50 and no real estate. Plaintiff currently drives a 2022 Dodge Charger, which she purchased in or about March 2026, and which is financed.

## **DISCHARGE OF FEDERAL STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)**

25. Section 523(a)(8) of the Bankruptcy Code excepts from discharge certain educational loans unless excepting the debt from discharge would impose an "undue hardship" on the debtor and the debtor's dependents. Whether excepting a student loan from discharge would impose an undue hardship is determined in an adversary proceeding. Fed. R. Bankr. P. 7001(f).

26. The Bankruptcy Code does not define "undue hardship."

27. The Third Circuit has adopted the three-part test set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987), as the exclusive standard for undue hardship. *See Pa. Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 306 (3d Cir. 1995).

28. The *Brunner*/*Faish* test is strictly construed, and equitable concerns or other factors not contemplated by the test may not be imported into the undue-hardship analysis. *See In re Faish*, 72 F.3d at 306; *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324, 328 (3d Cir. 2001).

29. The debtor bears the burden of proving each element of undue hardship by a preponderance of the evidence, and the failure to carry that burden as to any single prong requires that the debt be excepted from discharge. *See In re Faish*, 72 F.3d at 306; *In re Brightful*, 267 F.3d at 327–28.

30. Under the *Brunner*/*Faish* test, a debtor establishes undue hardship by proving: (i) that the debtor cannot maintain, based on current income and expenses, a “minimal” standard of living for herself and her dependents if forced to repay the loans; (ii) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (iii) that the debtor has made good faith efforts to repay the loans. *In re Faish*, 72 F.3d at 304–05.

31. The Student Loans (Loans 1-01 and 1-02 on Exhibit A) are held by Defendant and are addressed both individually and collectively herein.

**FIRST PRONG: INABILITY TO MAINTAIN A MINIMAL STANDARD OF LIVING**

32. The first prong requires more than a showing of tight finances; the court examines the debtor’s current financial condition to determine whether payment of the loans would cause her standard of living to fall below that minimally necessary. *See In re Faish*, 72 F.3d at 305–06.

33. Plaintiff cannot maintain a minimal standard of living for herself and her two minor children if required to repay the Student Loans.

34. Plaintiff’s current gross monthly household income is approximately $6,140.93. Plaintiff’s reasonable and necessary monthly expenses, measured conservatively against the IRS Collection Financial Standards, are at least $6,342.14.

35. As a result, Plaintiff sustains a net monthly deficit of at least $201.21 before any payment toward the Student Loans. Adding the approximately $2,059.28 ten-year payment would increase that deficit to at least $2,260.49 per month. There is no monthly surplus from which any loan payment — including the servicer's scheduled $1,079.45 monthly payment — could be made.

36. The conservative figure in paragraph 23 does not rely on any expense above the IRS standards or on the insurance, payroll, and home-maintenance items most likely to be contested. Plaintiff rents her home and drives a financed vehicle. Plaintiff's childcare expense is necessitated by her status as the primary caregiver of twin eight-year-old children with special needs requiring additional supervision.

37. The no-asset administration of Plaintiff's Chapter 7 case corroborates her inability to pay: the Chapter 7 Trustee reported that no property was available for distribution to creditors, and Plaintiff received her discharge in the ordinary course.

38. Accordingly, Plaintiff satisfies the first prong of the undue-hardship test.

**SECOND PRONG: CIRCUMSTANCES**
**INDICATING PERSISTENCE OF DEBTOR'S FINANCIAL SITUATION**

39. The second prong is a demanding requirement. A student loan may not be discharged based simply on a present inability to pay; rather, the debtor must demonstrate a total incapacity in the future to pay her debts for reasons not within her control, such that dischargeability is reserved for exceptional cases involving a certainty of hopelessness rather than a present inability to pay. *See In re Brightful*, 267 F.3d at 328. Circumstances recognized as indicative of persistence include long-term physical or mental conditions affecting employment, lack of marketable skills, and the necessity of fully supporting dependents.

40. Here, additional circumstances demonstrate that Plaintiff's inability to repay the Student Loans is likely to persist for a significant portion of the repayment period. These circumstances include the following:

41. **First**, the earliest of the loans later consolidated into the Student Loans entered repayment in or about November 2002, nearly twenty-four years ago. Despite that history, the two consolidation loans still carry more than $175,000 in unpaid principal, within a total federal balance of $190,081.77, reflecting a persistent condition that is not a temporary setback but a long-established feature of Plaintiff's financial life.

42. **Second**, Plaintiff incurred Student Loans for two programs of study — at Utica University and Walden University — that she did not complete and that yielded no credential and no corresponding increase in her earning capacity. The debt attributable to these incomplete programs will never be offset by the enhanced income the education was intended to produce.

43. **Third**, Plaintiff has hypertension and type 2 diabetes, chronic conditions that require ongoing treatment and medication.

44. **Fourth**, Plaintiff's income has not grown — from approximately $82,456.00 in 2023, to approximately $77,767.00 in 2024, to a current annualized wage rate of approximately $70,895.00. Any anticipated raise is limited to approximately three percent (3%) and would be consumed entirely by necessary household expenses.

45. **Fifth**, Plaintiff is the primary financial support of her household and bears primary responsibility for two minor children with special needs who require substantial and continuing childcare, supervision, and medical and therapy care. These obligations will continue for years and cannot be reduced without harming the children.

46. **Sixth**, Plaintiff's household budget is already at the floor. Her expenses exceed her income by at least $201.21 per month before any loan payment, and there is no category of expense that can be further reduced to free up funds for the Student Loans.

47. **Seventh**, Plaintiff's extensive administrative efforts have never produced a sustainable repayment obligation. Plaintiff received forbearances or deferments recorded as 127 entries across her individual loans and contacted her servicer or the Department of Education on at least eighteen occasions.

48. Taken together, these circumstances reflect a certainty of hopelessness rather than a mere present inability to pay: Plaintiff's chronic health conditions, primary caregiving obligations for two dependents, limited income, and decades-long, unsuccessful history in repayment are largely beyond her control and are likely to persist for a significant portion of the repayment period. Accordingly, Plaintiff satisfies the second prong of the undue-hardship test.

## THIRD PRONG: GOOD FAITH EFFORTS TO REPAY THE LOANS

49. Good faith is guided by the principle that the debtor's condition must result from factors beyond her reasonable control and that the debtor may not willfully or negligently cause her own default. *See In re Faish*, 72 F.3d at 305. Courts consider the debtor's history of payments, efforts to obtain employment and maximize income, efforts to minimize expenses, and efforts to obtain or enroll in available repayment programs. Actual repayment is not required where repayment is not possible.

50. Plaintiff has maintained continuous participation in the workforce for many years and has been employed as a Crisis Clinician Supervisor at Resolve Crisis Services for approximately five years, working full-time despite her chronic health conditions.

51. Plaintiff did not ignore the debt: she remained in contact with her loan servicer, applied for forbearances and deferments repeatedly, and contacted her servicer or the Department of Education at least eighteen times regarding repayment options.

52. Plaintiff has limited her household expenses, and the conservative figure in paragraph 23 does not depend on any expense above the IRS standards. Plaintiff fully cooperated with the Chapter 7 Trustee and completed the required credit counseling briefing and the required course in personal financial management.

53. Considering the totality of Plaintiff's conduct — her sustained employment, her repeated and documented efforts to manage the debt through every available administrative channel, and her cooperation with the bankruptcy process — Plaintiff has demonstrated a good-faith effort to repay the Student Loans. Accordingly, Plaintiff satisfies the third prong of the undue-hardship test.

54. Having satisfied all three prongs of the undue-hardship test, Plaintiff is entitled to a determination that the Student Loans are dischargeable under 11 U.S.C. § 523(a)(8).

**WHEREFORE**, Plaintiff, ADRIENNE LYNN HONAKER, respectfully requests that this Honorable Court enter a Final Judgment in Plaintiff's favor (i) finding that excepting the Student Loans from discharge would impose an undue hardship upon Plaintiff and her dependents; (ii) declaring that the Student Loans are discharged in their entirety pursuant to 11 U.S.C. § 523(a)(8); (iii) in the alternative, declaring discharged pursuant to 11 U.S.C. § 523(a)(8) each of the Student Loans, or any portion of the Student Loans, that the Court determines Plaintiff cannot repay without undue hardship to herself and her dependents; and (iv) granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted on November 6, 2026.

Attorney for Plaintiff
**By: /s/ Chad Van Horn, Esq.**

Chad Van Horn, Esq.
Florida Bar No. 64500
Admitted to the United States District Court
for the Western District of Pennsylvania
VAN HORN LAW GROUP, P.A.
5001 Baum Blvd, Ste 417
Pittsburgh, PA 15213
(412) 399-0000
chad@cvhlawgroup.com

**EXHIBIT A**
**Summary of Federal Student Loans**

MOHELA®

# Printable Account Information

ADRIENNE HONAKER
745 PINE VALLEY DR
PITTSBURGH, PA 152392825
Account # XXXXXX5820

Here is the payoff information for your loans as of 03/18/2026.

## Please remit payments to:

Department of Education - MOHELA
P.O. Box 790453
St. Louis, MO 63179-0453

## Payment Information

| | |
|---|---|
| Date of Last Payment Received | 00/00/0000 |
| Amount of Last Payment Received | $0.00 |
| Monthly Payment Amount | $1,079.45 |
| Next Payment Due Date | 12/13/2026 |
| Unpaid Other Fees | $0.00 |
| Total Amount Due by 12/13/2026 | $0.00 |
| Past Due Amount | $0.00 |

## Balance Information

| | |
|---|---|
| Unpaid Principal | $178,821.93 |
| Unpaid Interest | $11,259.84 |
| Unpaid Other Fees | $0.00 |
| Current Balance | $190,081.77 |

**Loan: 1-01 DL Consolidated - Unsubsidized**
Current Payment Plan: Level

**Status**
No Payment Due
**Disbursement Date**
09/27/2023
**Original Principal**
$163,115.35
**Unpaid Principal**
$134,407.47
**Interest Rate**
5.875%
**Statutory Interest Rate**
5.875%

**Estimated Payment Schedule**
358months @$810.61

| | |
|---|---|
| **Schedule Begin Date** | 12/13/2026 |
| **Schedule End Date** | 09/13/2056 |

**Loan: 1-02 DL Consolidated - Subsidized**
Current Payment Plan: Level

**Status**
No Payment Due
**Disbursement Date**
09/27/2023
**Original Principal**
$40,909.46
**Unpaid Principal**
$40,909.46
**Interest Rate**
5.875%
**Statutory Interest Rate**
5.875%

**Estimated Payment Schedule**

359months @$268.84

| | |
|---|---|
| **Schedule Begin Date** | 12/13/2026 |
| **Schedule End Date** | 10/13/2056 |

**Loan: 1-03 Direct Loan - Unsubsidized**

Current Payment Plan:

**Status**
In School
**Disbursement Date**
01/28/2026
**Original Principal**
$3,505.00
**Unpaid Principal**
$3,505.00
**Interest Rate**
7.940%
**Statutory Interest Rate**
7.940%

# EXHIBIT B
## Current Monthly Income and Expense Summary

Household of Three – Allegheny County, Pennsylvania

| Expense | Borrower's Reported Amount* | IRS Allowed Amount |
|---|---|---|
| **Living Expenses (household of three)** | | |
| Food | $600.00 | $1,073.00 |
| Housekeeping supplies | $300.00 | $94.00 |
| Apparel & Services | $200.00 | $211.00 |
| Personal care products and Services | $100.00 | $104.00 |
| Uninsured medical costs | $252.00 | $270.00 |
| Miscellaneous expenses | $141.00 | $375.00 |
| **Total Living Expenses** | **$1,593.00** | **$2,127.00** |
| **Payroll Deductions** | | |
| Taxes, Medicare and Social Security | $1,042.76 | - |
| Contributions to retirement accounts | $0.00 | - |
| Union dues | $0.00 | - |
| Life insurance | $141.59 | - |
| Court-ordered alimony and child support | $0.00 | - |
| Health insurance | $173.30 | - |
| Other payroll deductions | $331.00 | - |
| **Total Payroll Deductions** | **$1,688.65** | **-** |
| **Housing Costs** | | |
| Mortgage or rent payments | $1,135.00 | $1,418.00 |
| Property taxes (if paid separately) | $0.00 | - |
| Homeowners or renters insurance (if paid separately) | $0.00 | - |
| Home maintenance and repair (avg. last 12 months) | $330.00 | - |
| Utilities | $433.00 | $774.00 |
| **Total Housing Costs** | **$1,898.00** | |
| **Transportation Costs** | | |
| Vehicle payments | $668.00 | $703.00 |
| Monthly average costs of operating vehicles | $360.00 | $330.00 |
| Public transportation costs | $0.00 | $220.00 |
| **Total Transportation Costs** | **$1,028.00** | **$1,253.00** |
| **Other Necessary Expenses** | | |
| Court-ordered alimony and child support payments (if not deducted from pay) | $0.00 | - |
| Babysitting, day care, nursery and preschool costs*** | $334.08 | - |
| Health insurance (if not deducted from pay) | $0.00 | - |

| Expense | Borrower's Reported Amount* | IRS Allowed Amount |
|---|---|---|
| Life insurance (if not deducted from pay) | $99.00 | - |
| Dependent care (for elderly or disabled family) | $0.00 | - |
| Delinquent federal, state or local tax debt | $0.00 | - |
| Other student loans (not being discharged) | $0.00 | - |
| Other expenses | $0.00 | - |
| **Total Other Necessary Expenses** | **$433.08** | **-** |
| **TOTAL EXPENSES** | **$6,640.73** | |

**Net Income Analysis:**

| | |
|---|---|
| Total Gross Income (wages of $5,907.93 and subsidy share of approximately $233.00) | $6,140.93 |
| Total Expenses** | $7,380.73 |
| **Net Income** | **-$1,239.80** |
| Net Income using the Borrower's Reported Amounts | -$499.80 |
| Net Income disregarding expenses above the IRS standards and the contested items in Complaint ¶ 23 | -$201.21 |

** Amounts reported by Plaintiff.*

*** Assumes all reported expenses are allowed, with the National Standards categories at the full standard amount, including those which may exceed IRS Standards.*

*IRS Collection Financial Standards in effect as of July 15, 2026, household of three, Allegheny County, Pennsylvania.*

**** Childcare is stated at the amount documented on Plaintiff's 2025 federal income tax return ($4,009.00 per year).*